No. 105.—James Selman & Co. plaintiffs in error, *vs.* S. M. Shackelford, claimant, defendant.

[1.] In all cases of claim, whether under attachment or execution, the bond should be made payable to the plaintiff.

[2.] In a claim affidavit, the form of the oath is sufficient, provided it asserts the right to the property to be in deponent.

[3.] To a plea of misnomer, it is a sufficient reply, that the party is as well known by one name as the other.

[4.] A mistake in the christian name of a person, recited in an immaterial part of an affidavit, will not vitiate the proceeding.

[5.] The parties to a *certiorari* are entitled to be heard in the Superior Court, personally or by Attorney, as in all other cases, unless the constitutional privilege is waived.

*Certiorari*, in Gordon Superior Court. Decision by Judge JOHN H. LUMPKIN.

This was an attachment sued out in a Justice's Court, at the instance of Jas. Selman & Co. against one Humphrey P. Hudgins. The property levied on was claimed by S. M. Shackelford, by the following affidavit:

"STATE OF GEORGIA—GORDON COUNTY:

In attachment before Justice's Court. And now comes S. M. Shackelford and avers, that one half of the tobacco levied on in the above case is his, the said Shackelford's individual property, and not the property of Posey Hudgins; and this he is ready to verify, and prays that the same may be inquired of by a Jury.

S. M. Shackelford appeared before me, G. W. Ransone, Justice of the Peace in and for said county, and makes oath and says, that the above plea is true in substance and fact.

Sworn to and subscribed," &c.

A claim bond was filed, payable to the plaintiffs in attachment.

On the trial the plaintiffs moved to dismiss the claim, on the ground that the claim bond was not made payable to the levying officer; and also, that no sufficient affidavit was filed; and also, that in the claimant's plea the property was stated not to be the property of Posey Hudgins, while the name of the defendant was Humphrey P. Hudgins. These objections were all over-ruled, and the Justice's Court gave judgment for the claimant.

Plaintiffs thereupon applied for a *certiorari*, on the ground of error in the Justices, on said points.

The answer of the Justices stated the fact, that the defendant was as much known by the name of Posey Hudgins as of Humphrey P. Hudgins. The Court, on hearing the *certiorari*, sustained the grounds taken and ordered a new trial; to which the claimant excepts.

Claimant's Counsel also excepts, on the ground, that he had no notice of the *certiorari;* and on applying to be heard, after the decision of the Court had been pronounced, on the ground that he had not been notified. Such application was refused by the Court, and this is assigned as error.

FRANCIS, for plaintiff in error.

PHILLIPS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In cases of claim under the Attachment Law, to whom should the bond be made payable, the levying officer or the creditor?

By the Act of 1814, (*Cobb's Digest*, 72,) the bond is required to be given to the "Sheriff or Constable serving the attachment." And this is the Statute relied on in the argument in behalf of the defendant in error, and which was read, no doubt, in the Court below. Under this Act, it was by no means clear *to whom* the bond should be made payable. But in 1841, the Legislature enacted, "that *in all cases*, whether the levy be made under *attachment* or execution, the bond should be made payable to the *plaintiff* in attachment or execution." (*Cobb's Digest*, 536.)

The bond, therefore, was taken in pursuance of the law.

[2.] Was the affidavit sufficient? Shackelford deposed that one half of the property levied on belonged to him individually, and was not the property of the defendant. The law requires, that the claimant shall make oath that the property levied on is his. (*Cobb's Dig.* 647.)

We see no defect in the affidavit.

[3.] Again, it was objected, that in the affidavit it was alleged that the property levied on did not belong to Posey Hudgins, when the name of the debtor and defendant was *Humphrey* P. Hudgins.

The Magistrate states, in his return, that Hudgins was as well known by the one name as the other. And that was a satisfactory reply to the supposed misnomer.

[4.] But there is another answer. By reference to the claimant's oath, to which we have just alluded for another purpose, it will be perceived that it is only necessary for the claimant to assert property in himself; and it is not required that he should go further and negative the right of the defendant. And consequently, a mistake as to the christian name of the defendant, would not vitiate the proceeding.

We affirm the judgment of the primary Court upon all the grounds taken in the *certiorari*.

[5.] That the parties to a *certiorari* are entitled to be heard in the Superior Court, personally or by Attorney, as in all other cases, provided they claim the privilege, is a proposition too plain to need argument.